Arturo E. Matthews, Jr., Esq.
SBN 145232
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Telephone:  310-556-9620
Facsimile:  310-388-0270
aem@matthewsfirm.net

Attorney for Plaintiff, Amy Miller

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

Amy Miller,

    Plaintiff,

v.

Receivables Performance Management, LLC,

    Defendant.

Case No.:

**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## PARTIES

1. Plaintiff, Amy Miller ("Amy"), is a natural person who resided in Oakland, California, at all times relevant to this action.

2. Defendant, Receivables Performance Management, LLC ("RPM"), is a Washington limited liability company that maintained its principal place of business in Lynwood, Washington, at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

Complaint - 1

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, RPM collected consumer debts.

6. RPM regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. The principal source of RPM's revenue is debt collection.

8. RPM is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. As described, *infra*, RPM contacted Amy to collect a debt that was incurred primarily for personal, family, or household purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Amy is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Within the past twelve months, RPM began calling Amy on her cellular phone in connection with the collection of a debt.

13. Shortly after the calls began, Amy notified RPM they called during her work hours.

14. In addition, Amy communicated her desire that RPM cease calling her.

15. Despite this communication, RPM continued to call Amy on her cellular phone.

16. On more than one occasion, RPM called Amy multiple times a day.

17. On more than one occasion, Amy notified RPM they called during her work hours.

18. Despite these communications, RPM continued to call Amy on her cellular phone in connection with the collection of the debt, including during her work hours.

19. RPM's collection efforts, including but not limited to its telephone calls, caused Amy emotional distress in the form of frustration, annoyance, aggravation, and anxiety.

20. RPM's collection efforts also intruded upon Amy's privacy.

21. In addition, each time RPM placed a telephone call to Amy, RPM occupied Amy's telephone number such that Amy was unable to receive other phone calls at that telephone number while RPM was calling her.

22. RPM's telephone calls also forced Amy to lose time by having to tend to RPM's unwanted calls.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

24. Defendant violated 15 U.S.C. § 1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

26. Defendant violated 15 U.S.C. § 1692c(a)(3) by calling Plaintiff at Plaintiff's place of employment after Defendant knew or had reason to know that such calls were prohibited by Plaintiff's employer.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

28. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d

130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

29. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

30. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

31. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

32. Plaintiff re-alleges and incorporates by reference Paragraphs 5 through 22 above as if fully set forth herein.

33. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

34. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA

Date: September 7, 2016         By: /s/ Arturo E. Matthews, Jr.
                                Arturo E. Matthews, Jr.